UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20020-ALTMAN/Becerra

**METZFAB, LLC**, *et al.*,

    *Plaintiffs*,

v.

**THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A**,

    *Defendants.*

_____/

### ORDER GRANTING THE
### PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon the Plaintiffs' sealed *ex parte* Motion for Temproary Restraining Order, Asset Restraint, Expedited Discovery, and an Order to Show Cause Why a Preliminary Injunction Should Not Issue (the "Motion") [ECF No. 5]. The Court has carefully reviewed the Motion and the record and is otherwise fully advised in the premises.

Plaintiffs METZFAB INDUSTRIES, LLC ("METZFAB") and BRANDON METZGER ("METZGER") (collectively "Plaintiffs") move for entry of a preliminary injunction against the Defendants identified on Schedule A (collectively "Defendants"), and an entry of an order restraining the financial accounts used by Defendants, pursuant to 35 U.S.C. § 283, 35 U.S.C. § 284, Federal Rule of Civil Procedure 65, and The All Writs Act, 28 U.S.C. § 1651(a). The Court convened a hearing on February 2, 2024, at which only counsel for the Plaintiffs appeared and presented evidence supporting the Motion. *See* Paperless Minute Entry [ECF No. 28]. Because the Plaintiffs have satisfied the requirement for the issuance of a preliminary injunction, we **GRANT** the Plaintiffs' Motion for

Preliminary Injunction as to the Defendants listed in the Schedule A.

**I.      Factual Background**

The Plaintiff METZGER owns all exclusive rights in various patents for METZFAB Products, including without limitation patents covered by U.S. Patent Nos. US 9,285,259 B1 and US 9,671,272 B1 (collectively, the "METZFAB Patents"). METZGER is the owner and founder of Plaintiff METZFAB. METZFAB is the distributor of genuine METZFAB Products.

The Defendants, through the various fully interactive commercial Internet websites, including the online marketplace accounts listed in the attached Schedule A (collectively, the "Defendant Internet Stores"), have advertised, promoted, offered for sale, or sold goods that utilize the technology and invention claimed by at least one of the METZFAB Patents (the "Infringing Products"). *See* Declaration of Brandon Metzger ("Metzger Decl.") at ¶¶ 11–18.

The Defendants are not now, nor have they ever been, authorized or licensed to use the METZFAB Patents, and none of the Defendants is an authorized retailer of genuine METZFAB Products. *See* Metzger Decl. at ¶ 22.

The Plaintiffs investigated the promotion and sale of the Infringing Products on the Defendant Internet Stores. *See* Metzger Decl. at ¶¶ 10–18. The Plaintiffs accessed each of the e-commerce stores operating under the Defendant Internet Stores, initiated the ordering process for the purchase of a product from each of the Defendant Internet Stores, all of which directly or indirectly utilize the technology of and/or the inventions claimed in the METZFAB Patents, and completed a checkout page requesting each product be shipped to an address in the Southern District of Florida. *See ibid.* The Plaintiffs conducted a review and visually inspected the Infringing Products for which orders were initiated by the Plaintiffs' third-party investigator via the Defendant Internet Stores and determined the Infringing Products were non-genuine, unauthorized versions of the METZFAB Products utilizing the METZFAB Patents. *See ibid.*

## II. Legal Standard

In order to obtain a preliminary injunction, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

## III. Conclusions of Law

The declaration the Plaintiffs submitted in support of their Application for Preliminary Injunction support the following conclusions of law:

A. The Plaintiffs have submitted sufficient documentation that Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly one or more claims of the METZFAB Patents. The documentation submitted by the Plaintiffs shows that an ordinary observer would be deceived into thinking that the Infringing Products are genuine METZFAB Products because they utilize one or more claims of the METZFAB Patents.

B. Because of the infringement of the METZFAB Patents, the Plaintiffs are likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in the Plaintiffs' Complaint, Motion, and declarations, demonstrate that the Plaintiff will suffer immediate and irreparable loss, damage, and injury absent injunctive relief:

    i. The Defendants own or control e-commerce stores and commercial Internet websites operating under their respective seller identification names and domain names which advertise, promote, offer for sale, and sell Infringing Products in violation of the Plaintiffs' respective rights; and

    ii. There is good cause to believe that more Infringing Products will appear in the

marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiffs may suffer loss of sales for its genuine products.

C. The balance of potential harm to the Defendants in restraining their trade in Infringing Products if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiffs, their exclusive rights as to the METZFAB Patents, METZFAB's reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued.

D. The public interest favors issuance of the preliminary injunction to protect the Plaintiffs' patent interests and protect the public from purchasing inferior versions of the METZFAB Products.

E. The Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283. *See also* 35 U.S.C. § 284 (entitlement to reasonable royalties for patent infringement).

F. Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (11th Cir. 1995) (citations omitted); *see also Max'is Creations Inc. v. Individuals et al.*, No. 23-20341-CIV, 2023 WL 2388614, at *4 (S.D. Fla. Feb. 8, 2023) (ordering restraint of assets where plaintiff sought equitable relief and reasonable royalty for patent infringement); *Lead Creation Inc. v. Partnerships et al.*, 2023 WL 1993971, at *5 (S.D. Fla. Feb. 14, 2023) (ordering asset restraint where plaintiff sought equitable relief for patent infringement).

G. In light of the inherently deceptive nature of the Defendants' infringement, and the likelihood that the Defendants have violated federal patent laws, the Plaintiffs have good reason to believe the Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court

unless those assets are restrained.

  H. Upon review of the Plaintiffs' Complaint, Motion for Preliminary injunction, and supporting evidentiary submissions, we hereby **ORDER and ADJUDGE** that the Plaintiffs' Motion is **GRANTED** as against the Defendants in Schedule A, according to the terms set forth below:

## PRELIMINARY INJUNCTION

  (1) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained as follows:

    a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products not authorized by Plaintiffs and that infringe one or more claims in the METZFAB Patents;

    b. Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the METZFAB Patents; and

    c. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

  (2) Each Defendant shall not transfer ownership of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and subject domain names during the pendency of this action, or until further order of the Court;

  (3) Each Defendant shall preserve copies of all computer files relating to the use of any of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and subject domain names and shall take all steps necessary to retrieve computer files relating to the use of the Internet based e-commerce stores and Internet websites operating under their Defendant Internet Stores and subject domain names that may have been deleted before the entry of

this Order;

(4)     The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within three (3) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Names and make them inactive and untransferable until further ordered by this Court.

(5)     Those with actual notice of this Order, including any online marketplaces such as the Online Marketplaces, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defendants engage in the sale of infringing goods directly or indirectly infringing the METZFAB Patents, including any accounts associated with the Defendants listed on the attached Schedule A;

   b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods directly or indirectly infringing the METZFAB Patents; and

   c. take all steps necessary to prevent links to the Defendant Domain Names identified on the attached Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index.

(6)     The Defendants and any third party with actual notice of this Order who is providing services for any of the Defendants, or in connection with any of the Defendants' websites at the Defendant Domain Names or other websites operated by the Defendants, including, without limitation, any online marketplace platforms such as the online marketplace platforms, Internet Service

Providers ("ISP"), web hosts, back-end service providers, web designers, sponsored search engine or ad-word providers, banks, merchant account providers, including PayPal, Alipay, Wish, Walmart, Joom, Alibaba, Ant Financial, Amazon, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund, third party processors and other payment processing service providers, shippers, and domain name registrars (collectively, the "Third Party Providers") shall, within five (5) business days after receipt of such notice, provide to Plaintiffs expedited discovery—based on the identifying information provided by Plaintiffs' counsel including but not limited to, account IDs, legal names, and associated email addresses— including copies of all documents and records in such person's or entity's possession or control relating to:

a. the identities and locations of the Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information;

b. the nature of Defendants' operations and all associated sales and financial information, including, without limitation, identifying information associated with the Defendants' online marketplace accounts, the Defendant Domain Names, and the Defendants' financial accounts, as well as providing a full accounting of the Defendants' sales and listing history related to their respective online marketplace accounts and the Defendant Domain Names;

c. the Defendants' websites and/or any online marketplace accounts;

d. the Defendant Domain Names or any domain name registered by the Defendants; and

e. any financial accounts owned or controlled by the Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial

7

institutions, including, without limitation, without limitation, PayPal, Alipay, Wish, WalMart, Joom, Alibaba, Ant Financial, Amazon Pay, DHgate, eBay, Payoneer, PingPong, Coinbase, LianLian, AllPay, Union Mobile, World First, Paxful, Shopify, Stripe, OFX, SellersFund or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

(7) The Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(8) Western Union shall, within five (5) business days of receipt of this Order, block any Western Union money transfers and funds from being received by Defendants until further ordered by this Court.

(9) The marketplace platforms shall, within five (5) business days of receipt of this Order, for any Defendant or any of the Defendants' online marketplace accounts or websites:

    a. locate all accounts and funds connected and/or related to the Defendants, the Defendants' online marketplace accounts or the Defendants' websites, including, but not limited to, any Amazon, PayPal, Payoneer, LianLian, AllPay, PingPong, Coinbase, Union Mobile, eBay, Walmart, and Wish accounts connected and/or related to the information listed in the attached Schedule A; and

    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

(10) The Financial Institutions, any banks, savings and loan associations, payment processors, or other financial institutions, for any Defendant or any of the Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

    a. locate all accounts and funds connected and/or related to the Defendants, the

      Defendants' online marketplace accounts or the Defendants' websites, including, but not limited to, any accounts connected and/or related to the information listed in Schedule A to this Order; and

  b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of the Defendants' assets until further ordered by this Court.

(11) The Plaintiffs may provide notice of these proceedings to the Defendants by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail to all e-mail addresses identified by Plaintiffs and any e-mail addresses provided for the Defendants by third parties that includes a link to said website. The combination of providing notice via electronic publication or e-mail, along with any notice that the Defendants receive from domain name registrars and payment processors, shall constitute notice reasonably calculated under all circumstances to apprise the Defendants of the pendency of the action and afford them the opportunity to present their objections.

(12) Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two days' notice to the Plaintiffs or on shorter notice as set by this Court.

(13) The five-thousand-dollar ($5,000.00) bond posted by the Plaintiffs shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

**DONE AND ORDERED** in Southern District of Florida on February 5, 2024.

                                                  **ROY K. ALTMAN**
                                                  **UNITED STATES DISTRICT JUDGE**

cc:    counsel of record